**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL FULLER,<br><br>　　　　　　　Plaintiff,<br><br>　　-against-<br><br>SOURCE SOLUTIONS MANAGEMENT LLC, GREGORY HOPKINS, individually, and IAN KLAK, individually,<br><br>　　　　　　　Defendants. | COMPLAINT |

## PLAINTIFF'S COMPLAINT

Plaintiff, MICHAEL FULLER ("Plaintiff"), through his attorneys Agruss Law Firm, LLC, alleges the following against Defendants, SOURCE SOLUTIONS MANAGEMENT LLC ("SSM"), GREGORY HOPKINS, individually ("Hopkins") and IAN KLAK, individually ("KLAK") (collectively "Defendants"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k ("FDCPA").

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

5. Plaintiff is a natural person residing in the City of Jber, State of Alaska.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendants are debt collectors as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

10. SSM is a collection agency headquartered in the City of Rochester, Monroe County, State of New York.

11. Upon information and belief, Hopkins is an owner, officer, director and/or partner of SSM and regularly directs the business practices of the company.

12. Upon information and belief, Klak is an owner, officer, director and/or partner of SSM and regularly directs the business practices of the company.

13. Defendants are engaged in the collection of debt within the State of Alaska.

14. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendants it is assigned an account number.

16. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

17. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

18. During the course of its attempt to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

20. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp.2d 1051 (C.D. Cal. 2009); See also, *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008).

21. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D. NY 1994); *Del Campo v. Kennedy*, 491 F. Supp 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F.Supp.2d 389 (E.D. PA 2004); *Brink v. First Credit Res.*, 57 F.Supp.2d 848 (D.AR 1999); *Pikes v. Riddle*, 38 F.Supp2d 639 (N.D. IL 1998); *Ditty v. CheckRite*, 973 F.Supp. 1354 (D. Utah 1997).

**FACTUAL ALLEGATIONS**

22. SSM is attempting to collect a consumer debt from Plaintiff originating with a HSBC account.

23. The alleged debt owed arises from transactions for personal, family, or household

3

purposes.

24. Plaintiff does not owe the alleged debt SSM seeks to collect.

25. In or around March 2020, SSM began placing collection calls to Plaintiff on Plaintiff's telephone at 208-413-3005, in an attempt to collect the alleged debt.

26. SSM calls Plaintiff from 866-568-4463, which is one of SSM's telephone numbers.

27. On or about March 11, 2020, Plaintiff spoke with two of SSM's male collectors on the telephone.

28. During the conversation, SSM's male collectors represented the communication was from "Source Mediation."

29. During the conversation, SSM's male collectors threatened to take legal action against Plaintiff.

30. During the conversation, SSM's male collectors falsely represented that a lawsuit was filed against Plaintiff and provided Plaintiff with a case number.

31. During the conversation, SSM's male collectors falsely represented that they are attorneys.

32. During the conversation, SSM's male collectors threatened to "see" Plaintiff in court.

33. To date, SSM has not filed a lawsuit against Plaintiff.

34. SSM cannot legally file a lawsuit against Plaintiff because Plaintiff does not owe the alleged debt.

35. SSM never intended to file a lawsuit against Plaintiff.

36. SSM's above-referenced actions were an attempt to harass Plaintiff and coerce Plaintiff into payment of the alleged debt.

37. The natural consequences of SSM's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt.

38. The natural consequences of SSM's statements and actions was to produce an unpleasant and/or hostile situation between SSM and Plaintiff.

39. The natural consequences of SSM's actions was to cause Plaintiff mental distress.

40. During the course of collection efforts against Plaintiff, Hopkins and Klak acted in association with their company, SSM, regarding the conduct toward Plaintiff described above by presenting to SSM office(s) to work and by assisting SSM in obtaining revenue.

41. SSM was the avenue through which Hopkins, Klak and SSM's employees conducted their business operation, namely, debt collection.

42. Hopkins and Klak were responsible for setting the policies and procedures related to the collection practices of SSM's employees and directed them to specifically act in the manner described above.

43. During all times pertinent hereto, Hopkins and Klak:

    a. Created the collection policies and procedures used by SSM, and its respective employees and agents, in connection with their common efforts to collect consumer debts;

    b. Managed or otherwise controlled the daily collection operations of SSM;

    c. Oversaw the application of the collection policies and procedures used by SSM and its employees and agents;

    d. Drafted, created, approved and ratified the tactics and scripts used by SSM and its employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged above;

    e. Ratified the unlawful debt collection practices and procedures used by SSM and its employees and agents in connection with their common efforts to collect consumer debts; and

    f. Had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by SSM and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged above.

44. Hopkins and Klak knew that SSM repeatedly or continuously engaged in collection practices.

45. Hopkins, Klak and SSM, and their respective agents and employees, knew that the representations made to Plaintiff were false.

**DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

46. Defendants violated the FDCPA based on the following:

    a. Defendants violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendants engaged in engaged in, at least, the following discrete violations of § 1692e:

        1. Defendants violated § 1692e(3) of the FDCPA by falsely representing that any individual is an attorney or that any communication is from an attorney, when Defendants' male collectors falsely represented that they are attorneys;

        2. Defendants violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended be taken, when Defendants' male collectors threatened to take legal action against

   Plaintiff when Defendants could not legally take such action;

   3. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect any debt, when Defendants' male collectors falsely represented that a lawsuit was filed against Plaintiff when no such lawsuit existed;

   4. Defendants violated § 1692e(14) of the FDCPA by using business, company or organization name other than the true name of the debt collector's business, company or organization, when Defendants' male collectors spoke with Plaintiff and represented the communication was from "Source Mediation"; and

   b. Defendants violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendants engaged in the foregoing conduct.

47. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt that he does not owe.

48. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, MICHAEL FULLER, respectfully requests judgment be entered against Defendants, SOURCE SOLUTIONS MANAGEMENT LLC, GREGORY HOPKINS, individually and IAN KLAK, individually, for the following:

49. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

50. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

51. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

May 6, 2020

By: /s/ Taylor Kosla
Taylor Kosla
Agruss Law Firm, LLC
4809 N. Ravenswood Ave, Ste 419
Chicago IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
taylor@agrusslawfirm.com
Attorney for Plaintiff